Judge Robertson
delivered the opinion of the Court.
Ritchíe purchased from Calloway, certain houses and' lots, ia the town of Winchester, obtained a conveyance, and gave to him his bonds for the consideration.
One of these bonds having been assigned to Eubank, he obtained a judgment on it, and caused a Jieri facias to issue,', which was returned “no property.” in the meantime, Ritchie had mortgaged the houses- and lots to Poston, who had procured1 a decree for foreclosing the mortgage.
Before the sale of the property, under the decree in favor of Poston, Eubank filed his bill against Ritch-ie’s representatives, and Poston, asserting an’equitable lien on the houses and lots, and praying for a sale, subjecting the property to his 'judgment.
Thesubpmna, which issued on this bill, was served on the day of the sale oí the property, under Poston’s decree, but before the sale; and notice of the equita *43 ble lien, was published in the hearing of those, who were attending to bid.
Generally, equitable lien on estate, will be enforced, distribu-tivüy ¡Se proportionally, against all intore3t°^DS But^at law motion -would pot be tolerated to coerce contribution by several defendants. Each being responsible for whole, judgment creditor cannot be controlled, but may coerce whole am’t. from all or any of def’tst
*43 Poston, the mortgagee, proceeded with the sale, and Duncan, and Decreet, and himself, bought the-property, each buying a separate portion of it.
Poston, in his answer to Eubank’s bill, alleged that” Duncan, Decreet, and himself, agreed, on the day of sale, to buy the property, and to be each responsible, “prorata,” for the extinguishment of Eubank’s lien; provided, it should be enforced, and hé therefore, made his answer a cross bill, against Duncan and Decreet, and asked for a decree against them, to enforce contribution, according to the alleged agreement, in the event of a decree, in favor of Eubank. The answers of Duncan and Decreet, admit their pur-» chase, and an agreement for contribution; but deny that it was such an one,as alleged by Poston. That-which they admit, is somewhat qualified..
A decree was pronounced, as between Eubank,. Poston, and Ritchie’s representatives, establishing Eubank’s equitable lien, and Poston’s cross bill, was continued. On a writ of error, by Poston, and the Ritchies, this decree was affirmed, in its principle, by this court; but the case was remanded, for the correetion of some errors in the details of the decree. See Eubank vs. Poston, et al. V. Mon. 285.
After the return of the case, to the circuit court, Poston offered to file a supplemental answer, which averred, that since the prosecution of the writ of error, he had paid to Eubank, the whole amount of his (Poston’s) distributive share of Eubank’s debt, according to the contract with Duncan and Decreet, and prayed that the court would decree, that Duncan and Decreet should pay the residuum, or that the property, which they purchased, should be first subjected, if they should fail to contribute.
The court did not permit this supplement to be filed, but gave a credit “in solidum,” for the amount paid by Poston, and rendered a decree for the sale of the houses and lots, without reservation or discrimination.
If mortgagor convey mortgaged estate to several, they should all be made parties to biil ófforeclosure, and compelled to con.tribute pro-to extinguí-meat of mortgagee’s debt, ?ntere9tnS *° which each holds-in estate. And if mortgagor retain part of estate, that should be first subject-, ed.
But, pendente lite purolia-sersv uru not neoes«,a*“y pnr:i«¿ ».o bill tr '.ufare© emú* si;i o Hess, on estate;.
*44 To reverse this decree, this writ of error is prose’--cuted by Poston, who assigns two errors:
lgt. That decree is erroneous in principle.
And 2d. That the allowance to the commissioner aPP°inte(i execute the decree, is exorbitant.
a Seneral proposition, it is well settled, that an equitable lien, on an estate, held by several, should be enforced, distributively, against each, according to his interest' in the estate. At law, a motion wouId not be tolerated, to coerce contribution by several defendants. Each being legally responsible for the whole, judgment, the creditor cannot be controlled, nor circumscribed in his discretion, to coerce the entire amount, from all, or any, of the defendants, a# he may deem most just or expedient, J j i
But it is not so in equity. The chancellor delights in- equal and distributive juitice. I,t is his province to prevent unnecessary litigation. Hence, all who may be concerned, directly or indirectly, in (he subject matter of a suit in chancery, or who may be immediately or eventually, affected by a decree,, are generally required to be made parties, so that, at once, without unnecessary delay or expense, or multiplication o.f suits, justice may be administered, by rendering, among all who may be interested, such a decree as will secure to each, his full measure o¡f right, and impose on each, his proper degree of ® liability.
Thus’if 3 m0r('gag°rc01ivey t5ie mortgaged estate to several, they should all be made parties to a bill for foreclosur, and compelled, individually, to contri-^ute t° the extinguishment of the debt of the mortgagee, in proportion to the value of the interest, whiclft each holds in the estate.; and if the mortgagor retain a part of the estate, that part should be subjected first. Stephens vs. Cooper, II. Johnson’s Chy. Rep. 430; Morrison’s administrators, et al. vs. Beckwith, IV. Monroe, 76.
But this well established principle of equity, does not apply,in our opinion, to this case, for the following reasons:
*45 1st; Poston, Duncan, and Decreet, - were purclia* tiers, ‘•'•pendente lileP Eubank had instituted his suit against Ritchie’s representatives and Poston. He had not made Duncan and Decreet parties. He $ould not have done so, because, when his bill was filed, they had no interest. He was, therefore, entitled to a decree against Poston; and Postoft could not change the nature of his responsibility, by a subsequent sale.
After the sale, Eubank did not make Duncan and Decreet parties. He was not bound to make them parties; if he had been, he might have been delayed and frustrated, by successive pendente lite sales, and his suit rendered interminable.
The right which he had to an enforcement of his lien against Poston, as mortgagee, when he filed his bill, and had his subpmna served, could not, therefore, be adected by the sale to Duncan and Decreet, nor had the chancellor any right to postpone a decree in his favor, until the controversy between Poston, Duncan and Decreet, could be adjusted. Eubanktshould not be compelled to wait, until Poston shall be able to enforce his agreement with Duncan and Decreet; for if he should be, it would be impossible to forsee when, or whether ever, he would be able to obtain his right; for, if it would be proper to compel him-to wait on Duncan and Decreet, it would for the same reason, be equally proper, to compel him to wait on any others, to whom they might choose to sell, for the purpose of embarrassing and postponing him, and so on ad infinitum.
As between Poston, Duncan, and Decreet, if it were shewn, that their contract was such as to render a distributive decree, just and proper, Eubank could not have objected to such a decree, unless he had been unnecessarily delayed by it. But the decree which he has obtained, being, in other respects, valid, should not be reversed, merely because it was not against Duncan and Decreet, whom be never sued, and was not bound to sue,, and who were- brought, collaterally, into the suit, by the act of Poston only, because they, with himself, were volunteer purchasers, with notice, pendente lite. The lien was on the estate: nevertheless, Eubank was not bound to notice *46 any claim to it, which originated from Poston, after he filed his bill.
2d. Poston was mortgagee. The burthen of the whole equitable lien devolved, therefore, on him. With a full knowledge of this lien, he chose to sell the estate. The sale was for his benefit. He received the proceeds of it. It is, at least, very questionable, therefore, whether the principle of equity, which has been stated, and the authorities which have been cited, in support of it, would not require that he should first be made responsible.
Whether the alleged agreement, between Poston, Durican and Decreet, was founded on a sufficient consideration, and was, in other respects, such as the chancellor should enforce, is a question which we need not, and cannot, now judically determine. The contest, which might grow out of it, between the parties to it, would be of such a character, however, as to manifest the more clearly, the injustice of requiring Eubank, who had no agency in it, and endeav-ered to prevent it, to awaitits final issue.
3d. When the decree was rendered on Eubank’s original bill, Poston’s cross bill was continued. It does not appear, what decree was afterwards rendered on it, between Poston, Duncan and Decreet, nor whether any has ever yet closed their controversy.
if a decree were pronounced on the cross bill, that would interpose a barrier to any further controversy, in this case; for if that decree be valid, the parties are concluded by it; if it be erroneous, their only mode of redress is an appeal, or writ of error, to reverse it.
If the cross bill be still pending, this case cannot be affected by it. ‘ It is stated in the briefs of Eu-bank’s counsel, that there was a final decree on the cross bill, before this case was remanded to the circuit court. If this be so, it would be manifestly unjust to indulge Poston in the attempt which he is making, to obtain another decree.
This fact, however, does not appear in the record before us. But, if it be admitted that there has been no such decree, the consequence must be the same. The original, and cross bills, were not necea- *47 sarily connected. They were severed, (if they had ever been united) by the first decree; they should not now be consolidated. If the cross bill were when the supplement was offered, the proposed amendment belonged to that, and not to this case; and, therefore, if the court erred in rejecting it, a writ of error should have been prosecuted in that, and not in this case; and to that writ of error, Eubank would not have been a party.
If there had been a decree on the cross bill, (as is asserted) the' court did right in refusing to permit the supplement to be filed, in this case'. ,So that in any aspect of the case, it is not shewn that Eubank has obtained a decree to which he was not entitled; nor, that he ought to be longer delayed.
Poston has been credited with all that he claimed to have paid. On this ground, therefore, he cannot complain. And he has no right to complain, that the court refused to render a decree for Eubank, against Duncan and Decreet, for the reasons which have been given. The court could not have rendered such a decree. Eubank had not asked for it; he had not made Duncan and Decreet defendants. Tfie decree sought by Poston, must necessarily, therefore,have been in favor of Poston, and not Eubank, if the' eourt had thought fit to render any decree on the prayer of Poston. Eubank was not a party to the’ cross bill.
The whole estate was liable to Eubank’s claim.The proceeding by Eubank,- was rem.” Poston was responsible, as the holder of the whole legal title,when Eubank brought his suit to enforce his lien. It was proper to decree' a sale of the estate, for the satisfaction of Eubank’s demand. This the court has done, and if, in executing the decree, any unreasonable burthen shall fall on Poston, he must seek his indemnity, if he be entitled to any, from Duncan and Decreet. - Eubank is not'responsible to him for any consequence necessarily or legally, resulting from the enforcement of his lien, without regard to a contract for contribution, which he, (Poston) chose to make with 6trangers,;forthe purpose of effecting a sale for *48 his own benefit, pending this suit, brought against himself, for asserting and establishing the Tien.
' Wickliffe,, Mills and Brown, for plaintiff; Hanson.¡ for defendant.
We cannot decide on any facts in the record, that the allowance to the fcómáiissioner is excessive.
Wherefore, the decree is affirmed.